PER CURIAM..
11 Denied. Relator fails to show he was denied the effective assistance of, counsel during plea negotiations under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated, in accord with La.C.Cr.P, art. 930.6,' and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of,a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
*1016 ATTACHMENT
[[Image here]]
twenty-fourth judicial district court PARISH OF JEFFERSON STATE OF LOUISIANA
NO. 09-1172 DIVISION “H”
STATE OF LOUISIANA
VERSUS
BENJAMIN WALKER
[[Image here]]
Turning now to defendants guilty pleas and multiple offendBr.adjudication, we find that the record does not reveal any irregularities. Once a defendant is sentenced, only 1hose guilty pleas that ate constitutionally infirm may be withdrawn by appeal or post conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, If fee Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is riot kept,
The record reflects that, during fee guilty plea-proceeding, defendant was infonned in writing through the waiver of rights form and verbally by the trial-judge that be was charged with and pleading guilty to three-counts one count of forcible rape, one count of aggravated burglary, and one count of attempted simple burglary of an inhabited dwelling. Further, on the waiver of constitutional rights form and during the colloquy with, the trial judge, defendant was advised of his Boykin rights — his right to a trial, -to confrontation, and to remain silent. On fee waiver of rights form, defendant initialed next to each of these rights and signed fee form, indicating that he understood he was waiving these rights by pleading guilty. During fee colloquy wife fee trial judge, defendant also indicated that he understood feat he was waiving -these rights.
During this proceeding, defendant stated that he had not been forced, coerced, or threatened to enter a guilty .plea. Defendant indicated that be understood fee possible legal consequences of pleading guilty, and wished to plead guilty at that time, He also indicated that he understood that these guilty pleas could be used to enhance the penalty for future felony convictions. Defendant also was informed *1017 that, if he is not a United States citizen, these guilty pleas could result in his deportation.
[[Image here]]
Additionally, defendant was told during fee colloquy and by means of the waiver of rights form of fee sentencing ranges feat he faced for each count as well as the sentence feat would be imposed, if his guilty pleas were accepted. After a thorough examination, fee trial judge accepted defendant’s guilty pleas - as knowingly, intelligently, freely, and voluntarily tendered.
Wife respect to defendant's stipulation, to fee multiple offender bill, which was filed immediately after defendant's pleas in fee underlying matter, the record shows feat defendant was adequately advised of his multiple offender rights. The trial court advised defendant feat by stipulating to fee multiple bill, he was giving up his right to a hearing, at which the State would have to prove his multiple offender status. Defendant was also advised of the possible'sentence that he equld receive after his abdication, as a multiple offender as weE as fee acfaal sentence feat would he imposed upon acceptance of his stipulation to fee bill. Throughout fee colloquy wife the trial court, defendant indicated that he .understood his rights relating to tire multiple offender proceedings and feat he.wished to waive those rights. In addition, with respect to the multiple.offender adjudication, the record oontains a well-executed waiver of constitutional rights fotra signed by defendant, his attorney, and. the trial court indicating that he understood his rights and the consequences of his plea. Thus, the record does not reveal any irregularities in those proceedings.
Moreover, all of defendant's sentences were imposed pursuant to plea agreements set forth in the record at fee time of the agreement. As such, defendant is precluded by law from seeking review of those sentences. Even if review was not precluded, we find no appealable issue because defendant's sentences fell within fee sentencing range set forth In each relevant statute.
First, in fee underlying matter, defendant pled guilty to forcible rape, a violation of La. R.S. 14:42,1, which specifies a sentencing range from 5 to 40 yeais, with at least 2 years to be served without benefit of probation, parole, ox suspension of sentence. On that count, defendant was sentenced to 30 years, of which 2 years are to be served without benefit of probation, parole,, or suspension of sentence, which is within the rangb listed’in the statute, This sentence was later vacated, pursuant to defendant's multiple offender.adjudloation,'which is.disoussed below. Second, in the underlying matter, defendant pled guilty to aggravated burglary, a violation of La. R.S. 14:60, which enumerates a sentencing-range from 1 to 30 years. On that count, defendant was sentenced to 30’'years, which is the longest sentence aEowed by fee statute.
In fee final count of the underlying matter, defendant pled guüty to attempted simple burglary of an inhabited’ dwelling, in violation of La. R-S. 14:27fD)(3) and 14:62.2, which together allows for a sentence of not less than one year, without benefit of probation, parole, or suspension of sentence, and not more than 6 years. On that count, defendant was sentenced to 6 years, with the first year to be served without benefit of probation, parole, or suspension of sentence, which is the longest sentence allowed by law.
Next, defendant’s enhanced sentence as a second felony offender was within fee sentencing range as well, According to La, R.S. 15:529,1(A)(1), “If fee seoond felony is such that upon, a first conviction fee [offense] would be punishable by imprisonment for any term less than his natural life 'then” fee sentence “shall be ... a determinate term not less ’than one-half fee longest term' and not more than twice fee longest term prescribed for a first conviction.” As noted above, the longest .statutory prison term for a forcible rape conviction is 40 years, wife at least 2 of the years being served without the benefit of probation, parole, or suspension of sentence. Thus, as a second felony offender, defendant was exposed to a sentencing range of 20 to 80 years of imprisonment. Defendant's enhanced *1018 sentence of 30 years, which was imposed pursuant to a plea agreement set forth in the record, is within the sentencing range.
SERVICE
Id,, at 1209-1212, aitations omitted.
The court has reviewed the plea forms in the record and finds no place wherein the petitioner was promised, parole eligibility. In addition, the state points out feat the petitioner pled guilty to a charge in case number 08-2857 and was sentenced to ten years at hard labor, “without the benefit of parole, probation, or suspension of sentence." Thus, fee state argues, fee petitioner could not reasonably have believed he would he eligible for parole in two years. The court finds . this reasoning well warranted and further finds that fee petitioner has failed to meet his burden of proof under LSA-C.Cr.P. art. 930.2.
Trial counsel in this case, Tracy Sheppard, was an effective advocate, achieving a major reduction on the petitioner’s behalf. The charge of aggravated rape, which carries a life sentence, was reduced to fee charge of forcible rape, punishable by a maximum of forty years incarceration, wife two years to be without the benefit of parole. Similarly, fee habitual offender admission was only to being a two-time felon/ when fee record reveals additional convictions. Thus, contrary to the petitioner's claims, his trial attorney performed with a high degree of competence.
In order to establish an. ineffective assistance of counsel claim, ini oases where the defendant has pled guilty, he must prove that there fe a reasonable probability that but fur counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), The voluntariness of the guilty plea depends on whether counsel’s advice was within fee wide-range of competence demanded of attorneys in criminal cases. State ex rel Graffagnino v. King, 436 So.2d 559 (La.1983).
Proving ineffective assistance of counsel in connection with a guilty plea, particularly one as favorable as in the instant case, is a heavy burden. The petitioner has failed to meet this burden and his application will be denied.
Accordingly,
IT IS ORDERED BY THE COURT that the petitioner’s application for post-conviction relief be and is hereby DENIED.
[[Image here]]
PLEASE SERVE;
[[Image here]]
[[Image here]]